1844.

WOOD
*v.*
OAKLEY.

## WOOD, Assignee of Hunt *v.* OAKLEY, *et al.*(a)

Bill of foreclosure and notice of *lis pendens* filed forty days before decree while the statute of May 14th 1840 (dispensing with judgment-creditors as parties) was in force; but the decree was had after the act of May 7th 1844, (which annulled the § so dispensing with judgment-creditors as parties) was passsd: *Held*, under the circumstances, that there was no necessity to make intervening judgment-creditors parties.

' *It seems*, that it might be different if forty days from the time of filing notice of *lis pendens* had not elapsed when the repealing law took effect.

And in bills filed since the 6th of June 1844 (when this repealing act took effect) judgment-creditors are to be made parties.

*Oct.* 22, 1844.

*Pleading.*
*Mortga-*
*gor and*
*Mortga-*
*gee.*
*Parties.*
*Judgment*
*Creditor.*

MOTION to compel John P. Moore to complete his purchase made under a master's sale.

The bill was filed on the twenty sixth day of April one thousand eight hundred and forty-three, to foreclose a mortgage for twenty-three thousand dollars dated the seventh day of September one thousand eight hundred and thirty-eight, made by the defendant Charles Oakley to the North American Trust and Banking Company. On the twelfth day of August one thousand eight hundred and thirty-nine the said Charles Oakley conveyed the premises in fee to John B. Oakley, subject to the aforesaid mortgage; but intermediate the making of this mortgage and such conveyance to John B. Oakley judgments for a large amount had been recovered against the said Charles Oakley. And prior

(a) Affirmed on appeal to the Chancellor.

to the filing of the notice of *lis pendens* in this suit, judgments had also been recovered against John B. Oakley. The decree was had on the twenty-fifth day of June, one thousand eight hundred and forty-four.

It is to be observed that intermediate the commencement of the suit and the obtaining the decree, the legislature passed the act of May seventh one thousand eight hundred and forty-four amending the law of May fourteenth one thousand eight hundred and forty, to reduce the expense of foreclosing mortgages, &c. by striking out the whole of § 9 of the last mentioned act; and which section provided that it should thereafter not be necessary to make judgment-creditors, subsequent to the mortgage foreclosed or any person having any lien or claim by or under such subsequent judgment, a party to the suit for the foreclosure thereof; and every decree of foreclosure and sale of lands mortgaged should bar and preclude all claim and equity of redemption of every person having such subsequent judgment and his heirs and personal representatives and of all persons claiming under him or them; but no such decree should be made, unless proof should be given that notice of the pendency of the suit had been filed at least forty days before the decree had been made.

The judgment creditors before referred to had not been made parties; and the present purchaser insisted that their rights were not cut off by the decree of sale.

The sale had taken place on the twenty-first day of September last (1844.)

Mr. *Sandford*, on the master's report of sale and the conditions of sale, moved that the purchaser complete his purchase.

Mr. *Slosson*, for the purchaser.

THE VICE-CHANCELLOR :—The clause in the act of 1840, which dispensed with the necessity of making judgment creditors parties to foreclosure suits having been repealed by an amendment introduced into the act in relation to the foreclosure of mortgages, passed May seventh one thou-

1844.

WOOD
*v.*
OAKLEY.

*Nov.* 4.

sand eight hundred and forty-four and which took effect on the sixth day of June following, restored the former necessity of making them parties. A law repealed must be considered (except as to transactions past and closed) as if it had never existed : Dwarris, 676. The bill of foreclosure in this cause was filed in the month of April one thousand eight hundred and forty-three ; the proper notice of *lis pendens* was filed ; and judgment creditors were not made parties. The decree was taken on the twenty-fifth day of June one thousand eight hundred and forty-four, nineteen days after the dispensing law had ceased to exist ; but the requisite proof was furnished of the filing of *lis pendens* in the form and manner prescribed by the statute at the time of filing the bill. By this means all the judgment creditors had notice, not only forty days before the decree, but much more than forty days before the law was repealed. The repeal has not taken away or altered their right to come in and claim the surplus, if any surplus there has been. Under these circumstances, I am of opinion the judgment creditors are as effectually foreclosed of all equity of redemption as they would have been had the decree been taken on or before the sixth of June. Perhaps it might be different if forty days, from the time of filing the notice of *lis pendens*, had not elapsed when the repealing law took effect. But here that time had elapsed ; and the effect of the repeal is not to undo and open what was closed and past under the previous law. It seems not a little strange that the legislature should have restored the necessity of making judgment creditors parties to foreclosure suits as formerly and, at the same time, have left in full force all that provision of the statute about the filing of a notice of *lis pendens* forty days before a decree can be had, which provision was introduced and intended as a substitute for the former practice. Still, the court must give effect to the law as it stands and both the presence of judgment creditors as parties and the forty days notice of *lis pendens* before decree are now necessary in cases of bills filed since the sixth day of June one thousand eight hundred and forty-four. In some instances of suits commenced previously thereto, I have advised an amendment so as to bring in judgment creditors, but this has been rather *ex abundanti*

*cautela* except where the proceeding had been but very recently and within the forty days commenced.

In the present instance, however, I am satisfied it is not necessary; and that the purchaser will obtain such a title under the decree as it stands. The court of chancery can always protect against the judgment creditors, if ever they should attempt to redeem or, in any way, disturb it.

*Order :* That the purchaser complete his purchase; and that each party bear his own costs of the motion.(*a*)

(*a*) His honor, the chancellor, in affirming the appeal, observed (*inter alia*) : " It is not pretended by the purchaser that there is any doubt as to the validity of the mortgage upon which the foreclosure took place or that the equity of redemption is in fact worth anything to these subsequent judgment creditors. His whole objection to the title therefore proceeds upon the supposition that a court of equity might at some future time permit these creditors to redeem the premises upon payment of the whole amount due on the complainant's mortgage with interest thereon; although they had been allowed the privilege of becoming parties to the suit and of bidding upon the property to raise a surplus for their own benefit if they had thought proper to do so under the provisions of the statute as well as by the original act.

" As the statute now is, with the amendment of the ninth section, the complainant in a foreclosure suit is obliged to file a notice of the pendency and object of the suit at least forty days before he can obtain a decree. And judgment creditors, whose liens are subsequent to the mortgage and who are not made parties to the suit may apply to be parties or may claim a share of the surplus monies arising from a sale under the decree or may apply to set aside a sale under the decree in the same manner as if they were parties to the suit.

" It is very doubtful, therefore, whether this court would sustain a bill by a creditor having such a lien to redeem the mortgaged premises from a *bona fide* purchaser, who had given the full value of the premises at the master's sale, unless such creditor could show some equity beyond a mere nominal lien upon the equity of redemption at the time of such sale; even if the act of May one thousand eight hundred and forty had been passed as it is now left by this amendment of the original act. It is a settled principle of this court that a party who comes into this court for equity must himself be willing to do equity. And where a judgment creditor, who is not made a party, has no defence to interpose to the bill of foreclosure and is aware of the existence of the suit and of the decree of sale, so that he may attend the sale and see that it is fairly and properly made and that the premises are sold for their fair value to raise a surplus for his benefit, if they are indeed worth more than the amount of the complainant's debt and costs, it is hardly probable that this court would allow him the benefit of a subsequent rise in the value of the property or for buildings or improvements which the purchaser under the decree had subsequently erected or made.

" But whatever may be the construction and effect of this statute as to cases which have been commenced subsequent to the amendment in reference to the

equity of redemption of judgment creditors not made parties but whose rights are still providdd for where they are actually aware of the pendency of the foreclosure suit, I am satisfied the judgment creditors in the present case have no right to redeem the premises from this sale to the complainant."